Richardson v CE Solutions Group, LLC

2026 NY Slip Op 03254

May 21, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Marques Richardson et al., Plaintiffs-Respondents,

v

CE Solutions Group, LLC et al., Defendants-Appellants, Marvelous Mark Transportation Co., Inc. et al, Defendants.

Decided and Entered: May 21, 2026

Index No. 653369/21|Appeal No. 6691|Case No. 2025-03018|

Before: Kennedy, J.P., Scarpulla, Mendez, Rodriguez, Rosado, JJ.

Phillips Nizer LLP, New York (Evan J. Spelfogel of counsel) for appellants.

Pelton Graham LLC, New York (Taylor B. Graham of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered April 24, 2025, which granted plaintiffs' motion to renew, and upon renewal, denied the motion of defendants CE Solutions Group, LLC and Eduard Slinin (collectively, the CE defendants) to dismiss the class action complaint's cause of action for breach of contract (seventh cause of action), unanimously affirmed, with costs.

Supreme Court providently exercised its discretion in granting plaintiffs' motion to renew the CE defendants' motion to dismiss, and, upon renewal, properly denied the motion to dismiss the breach of contract cause of action. In their putative class action, plaintiffs, construction and traffic control flaggers, asserted that they were third-party beneficiaries of agreements between CE Solutions Group and defendant Consolidated Edison Co. of New York, Inc. Plaintiff further alleged that defendants breached the governing agreements by failing to pay them prevailing wages, overtime, and supplemental benefits under Administrative Code of the City of New York § 19-142 for their work at Con Edison worksites. By order dated October 11, 2024, Supreme Court dismissed the breach of contract cause of action, finding that the agreements expressly disclaimed third-party beneficiary status to any party not specified in the agreements, and that plaintiffs, as third-party beneficiaries not referred to in the agreements, therefore could not recover for breach of contract.

However, after Supreme Court issued its October 11, 2024 order, this Court decided Santana v San Mateo Constr. Corp. (234 AD3d 562 [1st Dept 2025]), holding that disclaimers of third-party beneficiary rights in a flagging contract, such as the one presented here, were void as against public policy (id. at 562-563). This Court's holding in Santana constituted a change in the law directly relevant to the CE defendants' grounds for seeking dismissal of the breach of contract cause of action, and had Santana been decided before Supreme Court's October 2024 decision, it would have altered the court's determination (CPLR 2221[e]). Further, denial of the motion to renew would have resulted in forfeiture of a statutory right to prevailing wages under Administrative Code § 19-142, an outcome that would contravene public policy (see Santana, 234 AD3d at 563).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 21, 2026